Hand-Delivered

FILED
CHARLOTTE, NC

JUL 27 2023

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **BORIS TOPE-TIANDEM**<br>       **Plaintiff,**<br><br>v.<br><br>**PROFESSIONAL DEBT MEDIATION,**<br>**INC.**<br>       **Defendant.** | ) **JURY TRIAL DEMANDED**<br>)<br>)<br>) Case No. 3:23-cv-470-MOC<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory brought by Plaintiff BORIS TOPE-TIANDEM an individual consumer, against Defendant, PROFESSIONAL DEBT MEDIATION, INC. for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d) 28 U.S.C 1331. Venue in this District is proper in that the Defendants transact

1

business in Charlotte, Mecklenburg County, North Carolina, and the conduct complained of occurred in Charlotte, Mecklenburg County, North Carolina.

### III. PARTIES

3. Plaintiff BORIS TOPE-TIANDEM (hereinafter "Mr. TOPE-TIANDEM") is a natural person residing in Charlotte, Mecklenburg, North Carolina. Mr. TOPE-TIANDEM is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).

4. Upon information and belief, Defendant PROFESSIONAL DEBT MEDIATION, INC is a Florida corporation with its principal place of business located at 8657 Baypine Rd STE 201, Jacksonville, FL 32256.

5. Defendant PROFESSIONAL DEBT MEDIATION, INC is engaged in the collection of debt from consumers using the mail, email and telephone. Defendant regularly attemptss to collect consumers' debts alleged to be due to another's. The alleged debt arose from a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt as that term is defined by 15 U.S.C. §1692a(5).

### IV. FACTS OF THE COMPLAINT

6. Defendant PROFESSIONAL DEBT MEDIATION, INC (hereinafter referred to as "Debt Collector") is a "debt collector" as defined by the FDCPA, 15 U.S.C 1692a(6).

7. On or about June 12th, 2023 8:30am, Mr. TOPE-TIANDEM received a phone call from PROFESSIONAL DEBT MEDIATION, INC "Representative named Jack". attempting to collect a debt in the amount of $5789.64 owed to "MONARCH AT MET".

8. On this phone call, Plaintiff notified the debt collector that this was an inconvenient time to talk due to him currently being at work.

9. According to 15 U.S.C 1692c(a)(3). The debt collector was properly notified that this was an inappropriate time to speak due to him being at his place of employment.

10. On or about June 19th, 2023 8:30am, Plaintiff received another call from the debt collector attempting to collect the debt stated above via a payment plan.

11. On or about June 20th, 2023 10:00am, Plaintiff received yet another call from the debt collector being accused of "stalling" and continues debt collection activity.

3

12. Plaintiff again on both occasions notified the debt collector that this is not a good time to speak due to him currently being at his place of employment.

13. Plaintiff has also on 5 additional occasions after June 12th, 2023 called the plaintiff in which he has not been able to answer due to him working.

14. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, decreased ability to focus on task while at work, frustration, amongst other negative emotions.

## V. FIRST CLAIM FOR RELIEF
### (Defendant PROFESSIONAL DEBT MEDEATION INC.)
### 15 U.S.C. §1692c(a)(3)

15. Mr. TOPE-TIANDEM re-alleges and reincorporates all previous paragraphs as if fully set out herein.

16. The Debt Collector violated the FDCPA.

17. The Debt Collector's violations include, but are not limited to, the following: The Debt Collector violated 15 U.S.C § 1692a(3) of the FDCPA by continuing to call at his place of employment.

18. As a result of the above violations of the FDCPA, Defendant are liable to Mr. TOPE TIANDEM actual damages, statutory damages and cost.

## VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mr. TOPE-TIANDEM respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Debt Collector for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C 1692k(1)(2);

C. Statutory damages pursuant to 15 U.S.C 1692k(2);

D. Cost pursuant to 15 U.S.C 1692k(3);

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted:



Boris Tope-Tiandem

22055 Lani Dr

Charlotte, NC 28273

704-315-4261

btiandem@gmail.com